UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SATURN WIRELESS CONSULTING, LLC,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**FRANK AVERSA,**<br><br>　　**Defendant.** | Civ. No. 17-01637 (KM) (JBC)<br><br>**MEMORANDUM & ORDER** |

　　The Court has found the defendant, Mr. Aversa, to be in contempt and ordered certain discovery. (DE 185, 186) Specifically, it was

> **ORDERED** that Defendant shall produce to Plaintiff documents relevant to the lost profits caused by his violation of the injunction, as well as documents sufficient to establish the annual net profits of his business for the period November 15, 2016, to the present

(DE 186)

　　Now before the Court is a letter from defendant's counsel, dated October 29, 2021 (DE 190), seeking "clarification" of that order, and a letter from plaintiff's counsel in response (DE 191). In particular, defendant argues that discovery must be confined to violative sales during the period of the injunction. That application is denied. The order requires no "clarification," and it must be complied with as written.

　　Discovery, not the ultimate scope of relief, is the issue here. The order requires discovery reasonably calculated to lead to admissible evidence relevant to disgorgement and other sanctions. Plaintiff is entitled to explore not only particular violative sales, but profits as a result of such sales, as well as the defendant's financial condition, which may be relevant to the scope of any monetary sanctions. Defendant's defiant conduct thus far gives the Court no

confidence that a narrower order will serve those purposes, and the Court will adhere to the full scope of its prior order.

**IT IS THEREFORE** this 15th day of November, 2021,

**ORDERED** that the defendant's letter application (DE 190) for "clarification" of the Court's prior order is **DENIED**. Defendant shall comply with that order in full.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**