**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SATURN WIRELESS CONSULTING, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK AVERSA,**<br><br>**Defendant.** | Civ. No. 17-01637 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (DE 197)[1] of Saturn Wireless Consulting, LLC ("Saturn") for an award of attorney's fees, costs, and other sanctions against Frank Aversa. Saturn is seeking (1) an award of attorney's fees and costs in the amount of $240,170.34; (2) an award of disgorgement in the amount of $146,860.99 (or, in the alternative $124,831.84); and (3) an order requiring Aversa to produce certain additional documents. For the reasons set forth below, Saturn's request for the production of certain additional documents is **GRANTED**. Because I agree that further discovery is needed, and because the preliminary injunction issues are intertwined with the merits, as to the amount of attorney's fees, costs, and other sanctions, I will defer decision until the final disposition of this case.

---

[1] Certain citations to the record are abbreviated as follows:

DE = docket entry

Mot. = Saturn's Brief in Support of Motion for Attorney's Fees, Costs, and Other Sanctions (DE 197-2)

Op. Br. = Aversa's Brief in Opposition to Saturn's Motion for Attorney's Fees, Costs, and Other Sanctions (DE 210)

Reply Br. = Saturn's Brief in Further Support of Its Motion for Attorney's Fees, Costs, and Other Sanctions (DE 208)

## I. BACKGROUND

Aversa is a former employee of Saturn. After the conclusion of Aversa's employment, Saturn sued Aversa, alleging that he violated a non-compete agreement. I granted a preliminary injunction prohibiting certain actions by Aversa. (DE 33.) Then, Saturn learned of actions by Aversa which, it contended, violated the injunction. I found Aversa in contempt of the preliminary injunction and ordered Aversa to produce documents relevant to the lost profits caused by his violation of the injunction, as well as documents sufficient to establish the annual net profits of his business for the period November 15, 2016, to the present. (DE 186.) I also permitted Saturn to make a submission proposing an appropriate dollar amount of sanctions, including, if appropriate, an award of disgorgement and documenting attorney's fees and costs associated with the contempt proceedings. (*Id.*) Thereafter, Saturn filed its motion for an award of attorney's fees, costs, and other sanctions. (DE 197.) Aversa opposed the motion (DE 210), to which Saturn replied (DE 208.)

## II. DISCUSSION

Saturn asks the court to grant it an award of attorney's fees in the amount of $220,021.75 and costs in the amount of $20,148.59 in relation to the contempt application. (Mot. pp. 4, 11.) Additionally, Saturn asks the court to grant it an award for disgorgement in the amount of $146,860.99, representing the revenue earned by Aversa from transactions that violated the preliminary injunction. (Mot. p. 13.) Alternatively, if the court decides to award Saturn disgorgement of profits instead of revenue, Saturn requests that the court award $124,831.84. (Reply Br. 10.) In response, Aversa asks the court to stay its decision on attorney's fees, costs, and other sanctions until after final disposition of this matter. (Op. Br. p. 3.) Should the court decide not to stay Saturn's motion, Aversa asks the court to award a reduced amount for disgorgement and attorney's fees and costs (Op. Br. 23.)

Having considered the parties' arguments, I find that a determination of the amount of attorney's fees, costs, and other sanctions should be deferred until after final disposition of this matter. *See AMG Nat. Tr. Bank v. Ries*, 319 F.

App'x 90, 93 (3d Cir. 2008) (deferring the award of lost revenues resulting from contempt until after a final determination of the merits); *McKenna v. City of Philadelphia*, 649 F.3d 171, 173 n.1 (3d Cir. 2011) (finding the argument that the district court erred in deferring a determination on the award of attorney's fees and costs was without merit). Contempt sanctions in the form of lost revenues can be "speculative" and "intertwined with the merits" of the action; therefore, it may be best to address such sanctions after a final determination on the merits. *See AMG Nat. Tr. Bank*, 319 F. App'x at 93.

Indeed, Saturn itself acknowledges that its calculation of disgorgement is based on an incomplete record and reserves its right to amend the amount requested following the production of additional documents (which this court is granting) or at trial after expert discovery is completed. (Mot. pp. 13–14.) Since the attorney's fees and costs sought also arise from the contempt application, I find that it is best to address the awards for disgorgement and attorney's fees and costs at the same time. This is particularly applicable here, where Aversa asks the court to reduce the amount of attorney's fees and costs in proportion to the amount of disgorgement awarded. (Op. Br. 14.) Therefore, I exercise my discretion to defer judgment on Saturn's motion until after final disposition of this case, at which time Saturn may renew its motion and the parties may file supplemental briefing.

Additionally, Saturn seeks an order requiring Aversa to produce the following documents from November 15, 2017 to present:

- Specific transactions placed through the prohibited AT&T sales representatives and/or placed for the prohibited end users specifically listed by the court in the preliminary injunction order (DE 33);
- Official payroll records for income paid to Frank Aversa by Connected Communications Group, LLC ("CCG") or DFA Capital Holdings, LLC ("DFA");
- Official payroll records for income paid to Shawna Aversa by CCG or DFA;

- Any and all compensation, income, commissions, or other renumeration paid to any contractor or employee by CCG in the form of official payroll records; and
- Any and all compensation, income, commissions, or other renumeration paid to any contractor or employee by DFA in the form of official payroll records.

(Reply Br. pp. 14–15.)

Federal Rule of Civil Procedure 26 governs the scope of discovery in federal litigation and provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Saturn requests the above documents so that it may fully explore the extent of Aversa's "ill-gotten gains" resulting from his violation of the preliminary injunction. (Mot. p. 12.) Saturn also requests this information so that it may confirm Aversa's claimed profit margin of about 16% and determine whether he is able to pay additional damages awarded at trial. (Reply Br. 15.) I find that the documents sought are relevant to the action and proportional to the needs of the case. Therefore, I will grant Saturn's request and order Aversa to produce the documents listed above.

## III. CONCLUSION

For the reasons set forth above, Saturn's motion for attorney's fees, costs, and sanctions is stayed pending the final disposition of this matter. Saturn's request for the production of certain documents is granted. A separate order will issue.

Dated: September 30, 2022

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**